No. 05-091

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 315N

ESTATE OF HENRY M. DENISON and
RICHARD F. MORROW, Personal Representative,

        Plaintiffs and Respondents,

   v.

LAURA WILDE,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                   In and for the County of Lincoln, Cause No. DV 04-124,
                   The Honorable Michael C. Prezeau, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Laura Wilde (pro se), Troy, Montana

        For Respondents:

            Stephen H. Dalby, Attorney at Law, Libby, Montana

                 Submitted on Briefs:  September 7, 2005

                        Decided:  December 12, 2005

Filed:

_____
                     Clerk

Justice John Warner delivered the Opinion of the Court.

¶1	Pursuant to § I, Para. 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reporters.

¶2	Laura Wilde (Wilde) appeals from the judgment of the Nineteenth Judicial District Court, Lincoln County, granting the Estate's motion for summary judgment and discharging Wilde's liens against the Estate property as invalid. We affirm.

¶3	In a confusing fashion, Wilde filed a document in this Court entitled "Motion For Summary Judgement [sic]." This motion relates to litigation in the United States District Court for Montana and the Ninth Circuit Court of Appeals. Thus, we do not discuss it in this opinion.

¶4	Wilde and Henry Denison (Denison) were married on February 20, 1996. Their marriage was dissolved April 8, 1998. In October 1996, Denison assaulted Wilde on several occasions, and Denison was charged with the assaults. Denison eventually entered guilty pleas to charges of felony assault and misdemeanor partner assault. He was sentenced on April 22, 1998.

¶5	Between July 2, 1999, and September 5, 2003, Denison purchased five separate parcels of land in Lincoln County. On October 31, 2003, Denison died. His estate entered into probate on December 18, 2003, in Lincoln County. Notice to creditors was published in a local newspaper of general circulation in February 2004.

¶6	On May 12, 2004, Wilde filed a handwritten lien against four of the properties that

2

Denison had acquired after their marriage was dissolved. The lien listed four justifications, (1) property not included in the divorce decree, (2) Wilde's permanent disability, (3) legal proceedings, and (4) unpaid bills. Wilde did not serve a copy of her lien upon the Estate and did not present a creditor's claim to the Estate within four months after the publication of the notice to creditors as required by law. Section 72-3-801, MCA.

¶7 Denison's Estate sued to remove the liens and quiet title to the Estate property. The District Court determined that there was no valid basis for Wilde's lien and held that the Estate was entitled to judgment on its quiet title claim. The District Court concluded the divorce decree was irrelevant because the property at issue was not purchased by Denison until after the marriage. Further, the remaining reasons listed in Wilde's lien fail to establish a valid lien on the Estate property. Even if Wilde's disability was caused by Denison's assault, that would not, by itself, create a lien on the Estate property; the dismissed legal proceedings Wilde brought in federal court against the State of Montana do not justify a lien against the Estate property; and while Wilde refers to debts Denison allegedly owed her, she failed to comply with statutory procedures for filing claims against an estate.

¶8 The Court has determined to decide this case pursuant to § 1, Para. 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit.

¶9 Wilde has raised no issue of material fact in support of her argument that the District Court erred in granting the Estate's summary judgment motion. Further, we find no error in the District Court's conclusion that there was no valid basis for Wilde's lien on the Estate property. The Estate's request for attorney fees on appeal is denied.

3

¶10 Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE